FILED
00 NOV 28 AM 11: 18
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 28 2000

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ATMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 00-H-2755-W |
| | ) | |
| CHERYL PRICE, LEVAN THOMAS, | ) | |
| LIEUTENANT MARION ESPY, | ) | |
| KENNETH SMITH, DARRYL FALLS, | ) | |
| and WILLIE C. FINCH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 8, 2000, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim for which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on November 16, 2000.

Plaintiff argues that the magistrate judge erred in finding the ruling of the Supreme Court in *Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995), applicable to his case, as he is incarcerated in a medium security prison rather than maximum, as Conner was. Plaintiff argues that he has been subjected to a "dramatic departure from the ordinary conditions of [his] incarceration" when in segregation because segregation is a much more restrictive situation than population. Plaintiff maintains that being separated from other prisoners, not being allowed to bathe as often, and receiving only two meals a day, represents a "dramatic departure" from the ordinary conditions of his incarceration. While plaintiff may be less comfortable during the time he is in

segregation, these changes in his routine are not the type of changes which trigger the protections of the Due Process Clause.

Plaintiff also argues that the defendants have failed to follow their own rules for disciplinary actions. The mere fact that agency regulations or procedures have been violated does not by itself raise a constitutional issue. *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983); *Dowdy v. Johnson*, 510 F.Supp. 836, 838 (E.D. Va. 1981).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 28th day of NOVEMBER, 2000.

_____
UNITED STATES DISTRICT JUDGE

2